In the Matter of the Claim of CHARLES GARDNER, for Himself and on His Death by ADDIE G. MURPHY, Respondent, against BAYONNE STEEL COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—

Appeal by employer and its insurance carrier from decision and award of Workmen's Compensation Board for temporary total disability and for death benefits by reason of death of original claimant. The latter, aged sixty, was a foreman and shipping clerk in the employer's sheet metal business at Long Island City. It appears that carload shipments of sheet metal were received by the employer at somewhat irregular intervals, once or twice a month. As foreman decedent superintended the unloading of the cars. Testimony indicates that it was not his regular practice to handle the metal sheets during the unloading unless it was a rush job or there was an insufficient number of other employees to do the work. Three freight cars, two containing galvanized steel sheets, reached employer's place of business during the night of Thursday, March 18, 1948. It was the employer's policy to avoid demurrage charges. It is evident that decedent was "rushing" the work to complete the unloading that Friday to avoid the demurrage. During the forenoon and early afternoon he worked with other employees lifting and pulling metal sheets in groups of five or more weighing from thirty-eight to forty-two pounds each, depending upon the gauge. Following the lunch period he worked for about an hour and suffered severe pains in the chest, arms and shoulders. Requesting a fellow employee to get him a bottle of soda he walked into the boiler room and there collapsed. He was taken to his home and thence to the Brooklyn Hospital where a diagnosis of coronary occlusion was made. July 6, 1948, he returned to work for the same employer as a truck driver. September 13, 1948, the truck driven by him was in collision with another truck. He died before reaching the hospital. Death was found to be due to coronary occlusion with arteriosclerotic heart disease and coronary sclerosis. The findings of the board that he sustained accidental injuries in the course of his employment, due to unusual and extra effort and strain, and that his disability and death naturally and unavoidably resulted therefrom are supported by the evidence. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.